# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILLIP S. GRIGALANZ, **Plaintiff**, vs. STATE OF INDIANA, KRISTI GRIGALANZ, and JOHN C. WIMMERSBURG, **Defendants.** | Case No. 18-CV-1445-SMY-SCW |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Phillip Grigalanz filed this *pro se* action pursuant to 42 U.S.C. § 1983, seeking injunctive and monetary relief arising from a divorce and child custody ruling rendered in an Indiana state court. Plaintiff names as defendants the State of Indiana, his ex-wife Kristi Grigalanz, and Indiana police officer John Wimmersburg. This matter is now before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") (Doc. 2). For the following reasons, the Motion is **DENIED**.

Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts and applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Plaintiff has sufficiently demonstrated his indigence in this case. He states in his motion and accompanying affidavit that he is currently incarcerated and unemployed. He has no other income and, his prisoner trust account has a balance of approximately $246. Based upon this information, Plaintiff is unable to pay the costs of commencing his lawsuit.

The Court's inquiry does not end there because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP. Thus, the Court can dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense").

In conducting the § 1915(e)(2) screening, the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The standards for deciding whether to dismiss a case for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under the Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While *pro se* plaintiffs' allegations are given particular lenience and need not be artfully pled so long as they present a basic story that holds together, if the lack of organization or coherence is too confusing to determine which facts allegedly constitute wrongful conduct, dismissal is appropriate. S*ee e.g. Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (finding the plaintiff's Complaint was too verbose and

convoluted to justify allowing it to proceed beyond screening even if it did present potentially meritorious claims buried as a needle amongst a haystack).

In this case, Plaintiff alleges that his ex-wife, Defendant Kristi Grigalanz, filed for divorce in July 2015. According to the Complaint, on December 2, 2015, Plaintiff was arrested by the Jerseyville Indiana Police Department and held in custody by the Jersey County Sheriff's Office. While Plaintiff was incarcerated, an Indiana court refused to recuse itself in his pending divorce litigation, refused to allow him access to hearings, and allowed a law firm to represent Defendant Grigalanz.

Plaintiff further alleges that in February 2017, Defendant Grigalanz "engaged in a series of telephone calls" to the Jersey County Sheriff's Office in an "attempt to gain obstruction of service of process regarding an appeal of the divorce case." After being told of the illegality of the request, Grigalanz engaged in a telephone conversation with Defendant Wimmersburg. Following this conversation, Wimmersburg instructed correctional deputies to redirect all legal mail to himself.

Plaintiff claims that Wimmersburg "effectively removed access to the Indiana Appellate Court and Indiana Supreme Court through delaying filings between six weeks and five months, despite an order of the Jersey County Circuit Court effectively ordering him to cease and desist by ordering all mail directed to P.D. Schulz." He further claims that Grigalanz used Plaintiff's criminal charges to her advantage in the divorce and custody proceedings, and that she obstructed service of process by returning all process to her address. Finally, Plaintiff alleges that although the courts were aware of Grigalanz's actions, the Indiana Supreme Court and Indiana Court of Appeals issued adverse rulings against him without due process and used

timeliness as a basis for the adverse rulings. Plaintiff seeks injunctive relief, compensatory relief, punitive damages, and criminal sanctions.

As an initial matter, Plaintiff cannot maintain a § 1983 claim against either the State of Indiana or Defendant Grigalanz. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Moreover, Plaintiff's asserted claims against the State of Indiana involve his disagreement with the rulings of an Indiana court; he alleges that the state court erred in rulings made during his divorce litigation. As such, his claim should have been brought in state court or by appeal from the state court's judgment.

Plaintiff cannot proceed in this Court because, under the principles of abstention and what is commonly referred to as the *Rooker-Feldman* doctrine, the law does not allow federal district courts to review the judgments of state courts. Under the *Rooker-Feldman* doctrine, a federal district court may not grant relief from a plaintiff's injury that "stems from the state judgment—an erroneous judgment perhaps, entered after procedures said to be unconstitutional, but a judgment nonetheless." *Garry v. Geils*, 82 F.3d 1362, 1366 (7th Cir. 1996). Accordingly, Plaintiff's claims against the State of Indiana must be dismissed with prejudice.

Likewise, when a plaintiff brings a § 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that that individual or entity acted under the color of state law. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). "This requirement is an important statutory element because it sets the line of demarcation between those matters that are properly federal and those matters that must be left to

the remedies of state tort law." *Id.* at 822–23. The test for whether a person acted under color of state law requires that "a court find such a close nexus between the State and the challenged action that the challenged action may be fairly treated as that of the State itself." *Rodriguez*, 577 F.3d at 823. Private actors may become state actors when the state delegates a public function to a private entity or when the state "effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision." *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004).

Plaintiff asserts a myriad of allegations against Grigalanz related to their divorce case. However, his allegations relative to Grigalanz do not suggest that the State of Indiana delegated a public function to her or effectively directed or controlled her actions. Grigalanz is a private actor and Plaintiff cannot maintain his § 1983 lawsuit against her. Accordingly, Plaintiff's claims against Grigalanz will also be dismissed with prejudice.

Regarding Defendant Wimmersburg, Plaintiff alleges that Wimmersburg's conduct impeded his access to the courts or otherwise deprived him of fair proceedings during his divorce litigation. "The Constitution protects a prisoner's right of access to the courts; state actors must respect that right by not impeding prisoners' efforts to pursue legal claims." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). "That right is violated when a prisoner is deprived of such access and suffers actual injury as a result." *Id.* Although fact pleading is unnecessary, in order to state a colorable claim, "a prisoner must show actual substantial prejudice to specific litigation." *Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir. 1995); *see also Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Pratt v. Tarr*, 464 F.3d 730, 731-32 (7th Cir. 2006) (a prisoner's complaint must spell out the connection between the alleged denial of access to legal

materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions).

Here, Plaintiff maintains that Wimmersburg blocked his access to Indiana courts by delaying filings. However, Plaintiff does not explain how the alleged delays in filings caused him actual injury or prejudiced him in any specific way. Thus, Plaintiff has failed to state an access to courts claim for which relief may be granted, and his claims against Defendant Wimmersburg will be dismissed without prejudice.

## **Conclusion**

For the foregoing reasons, Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED.** Pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is **DISMISSED with prejudice** as to Plaintiff's claims against Defendants the State of Indiana and Kristi Grigalanz, and **DISMISSED without prejudice** as to Defendant John Wimmersburg. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: September 24, 2018**

                                        **s/ Staci M. Yandle**
                                        **STACI M. YANDLE**
                                        **United States District Judge**