IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| PHILLIP S. GRIGALANZ | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 18-CV-1445-SMY-RJD |
| STATE OF INDIANA, KRISTI GRIGALANZ, and JOHN C. WIMMERSBURG, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Phillip Grigalanz filed this *pro se* action pursuant to 42 U.S.C. §§ 1983 and 1985, seeking injunctive and monetary relief arising from a divorce and child custody ruling rendered in an Indiana state court. Plaintiff named as defendants the State of Indiana, his ex-wife Kristi Grigalanz, and Indiana police officer John Wimmersburg. The Court dismissed Plaintiff's claims against Defendants the State of Indiana and Kristi Grigalanz with prejudice and dismissed his claims against Defendant Wimmersburg without prejudice. Now pending before the Court is Plaintiff's Motion for Relief from Judgment (Doc. 14) and Motion for Reconsideration (Doc. 15). For the following reasons, Plaintiff's motions are **DENIED**.

Rule 60(b) of the Federal Rules of Civil Procedure permits a party relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

Here, Plaintiff has presented no facts or argument warranting Rule 60(b) reconsideration. In support of his motions, Plaintiff contends that his claims against the State of Indiana and Defendant Grigalanz should be dismissed without prejudice. However, Plaintiff cannot maintain a § 1983 claim against either the State of Indiana or Defendant Grigalanz. *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009) (private actors cannot be sued under § 1983 unless plaintiff demonstrates that the individual acted under the color of state law).

Additionally, Plaintiff cannot maintain a § 1985 conspiracy claim against Defendant Grigalanz. Claims under § 1985(2) and (3) require allegations of class-based animus to state a claim. *See Kowalski v. Boliker,* 893 F.3d 987, 1001 (7th Cir. 2018) (§ 1985(2) requires a plaintiff to allege class-based animus to state a claim, while § 1985(3) requires allegations of some racial or otherwise class-based, invidiously discriminatory animus behind the conspirators' action). Plaintiff alleges that Defendant Grigalanz conspired under § 1985 by using "the telephone (an interstate means of communication) to cross State lines from Portage, IN to Jerseyville, IL to conspire to obstruct justice." There are no allegations that Defendant Grigalanz's actions were because of Plaintiff's membership in a class – protected or otherwise. Accordingly, Plaintiff's Motion for Relief from Judgment (Doc. 14) and Motion for Reconsideration (Doc. 15) are denied.

**IT IS SO ORDERED.**

**DATED:** August 21, 2019

**STACI M. YANDLE**
**United States District Judge**